IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **WALTER RANSOME,** | CIVIL NO. 1:09-CV-0604 |
| **Plaintiff** | |
| v. | (Judge Rambo) |
| **VINCENT MOONEY and MICHAEL P. GOYNE,** | (Magistrate Judge Carlson) |
| **Defendants** | |

# **M E M O R A N D U M**

Before the court is a report of the magistrate judge to whom this matter was referred in which he recommends that Plaintiff's amended complaint against Defendant Mooney be dismissed without further leave to amend the complaint.[1] It was also recommended that a new retaliation claim set forth in the amended complaint be dismissed without prejudice to Ransome to file an amended complaint to properly state a claim on this issue.

The magistrate judge's recommendation to dismiss the claim against Mooney is based on his failure to state a cause of action. The magistrate judge found that Mooney could not be liable on the basis of respondeat superior. He also found that non-medical staff may not be "considered deliberately indifferent simply because they failed to respond directly to medical complaints of a prisoner who was already being treated by the prison doctor." *Durmer v. O'Carroll*, 991 F.2d 643, 69 (3d Cir. 1993) (Report and Recommendation at p. 22); *see also Spruill v. Gillis*, 372 F.3d 218, 236 (3d Cir. 2004). The magistrate judge also found that unfavorable

---

[1] Ransome was previously granted leave to amend his complaint on January 4, 2010 to properly state a claim.

responses or no response to a grievance is not a basis for an Eighth Amendment claim where there is no constitutional right to a grievance system. (Report and Recommendation at p. 23.) The cases cited in the report and recommendation support the magistrate judge's recommendation.

Ransome filed objections to the report and recommendation. In his first set of objections, he seeks to amend his complaint to substitute Michael Klopotoski for Mooney. He does not set forth any showing of personal involvement as to Klopotoski in his Eighth Amendment claim. On June 10, 2010, Ransome filed objections to Defendants' brief in opposition to Plaintiff's objections to the report and recommendation. In this document, Ransome sets forth the applicable standards to be applied to *pro se* filings; the standards to be applied in considering motions to dismiss and for summary judgment. He does not respond to the magistrate judge's reasoning for the dismissal recommendation of Mooney. The same reasons would be equally applicable to Klopotoski and therefore another amendment to the complaint as to this claim would be futile.

An appropriate order will be issued.

s/Sylvia H. Rambo
United States District Judge

Dated: June 15, 2010.

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

**WALTER RANSOME,** : **CIVIL NO. 1:09-CV-0604**
:
**Plaintiff** :
: **(Judge Rambo)**
v. :
: **(Magistrate Judge Carlson)**
**VINCENT MOONEY and** :
**MICHAEL P. GOYNE,** :
:
**Defendants** :

# **O R D E R**

In accordance with the accompanying memorandum, **IT IS HEREBY ORDERED THAT**:

1) The court adopts the report and recommendation of Magistrate Judge Carlson.

2) The motion to dismiss as to Defendant Mooney is granted.

3) The retaliation claim set forth in the amended complaint is dismissed without prejudice to Plaintiff to file a second amended complaint to properly state a cause of action as to this issue only. Said second amended complaint shall be filed no later than July 6, 2010.

4) Failure to timely file the second amended complaint will result in dismissal of this action.

5) This case is remanded to Magistrate Judge Carlson.

                                                    s/Sylvia H. Rambo
                                                    United States District Judge

Dated: June 15, 2010.