IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **WALTER RANSOME,** | **CIVIL NO. 1:09-CV-0604** |
| **Plaintiff** | |
| v. | **(Judge Rambo)** |
| **VINCENT MOONEY and MICHAEL P. GOYNE,** | **(Magistrate Judge Carlson)** |
| **Defendants** | |

# MEMORANDUM

Before the court is a report and recommendation of the magistrate judge to whom this matter was referred in which he recommends that Plaintiff's second amended complaint be dismissed without further leave to amend.[1]

The magistrate judge recommends dismissing the claim against Defendants for failure to state a cause of action. The magistrate judge found that Plaintiff, Walter Ransome ("Ransome"), failed to establish a viable retaliation claim because his claim is based solely on the temporal proximity of his cell transfers within the prison to his filing of this civil lawsuit. The magistrate judge concluded that the timing of the cell transfers were temporally remote from the filing of this action—these events were separated by four to nine months—as well as the fact that one of the transfers was actually favorable to Ransome, meant that no inference of causation could be fairly drawn establishing that the transfers were done in retaliation for any exercise of Ransome's constitutionally protected rights.

The procedural history outlined by the magistrate judge, and the summary of Ransome's claims, were accurately reported in the report and

---

[1] Plaintiff was previously granted leave to amend his complaint on January 4, 2010 and June 15, 2010.

recommendation. Furthermore, the cases cited support the magistrate judge's recommendation.

Ransome filed objections to the report and recommendation. (Doc. 84.) In his first objection, Ransome states that there are material facts in dispute as to "why" he was transferred. Ransome does not elaborate on the nature of these material disputes. Based on a review of the magistrate judge's recommendation, and the applicable case law cited therein, the court concludes that the magistrate judge correctly decided that Ransome failed to meet his burden of establishing retaliation. Here, where four to nine months separates the alleged retaliation from the constitutionally protected activity, there is no "unusually suggestive temporal proximity" that gives rise to even an inference of causation. *Lauren W. ex rel. Jean W. v. DeFlaminis*, 480 F.3d 259, 267 (3d Cir. 2007).

In his second objection, Ransome asserts that there are genuine facts in dispute "regarding Defendants' [sic] taking the Plaintiff's money, [and] removing him from his job. . . ." (Doc. 84, Objections ¶ II.) This issue was not addressed by the magistrate judge in his report, and is only very briefly mentioned by Ransome in his second amended complaint. In that document, Ransome asserts simply that "[t]he Plaintiff . . . after filing this Civil Action was also removed from the General Labor Pool, (GLP) – to cut off necessary money that the Defendants know is necessary to litigate this Civil action." (Doc. 76, Second Amend. Compl. ¶ 4(e).) Ransome provides no more information about the nature of these claims. Standing alone this allegation fails to demonstrate retaliatory animus, particularly where there is no indication that the timing is unusually suggestive.

In drafting a complaint, a plaintiff—even a *pro se* plaintiff—must provide sufficient detail to raise their right to relief above the speculative level. In other words, a claim must be facially plausible and must allow "the court to draw the

reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, ___U.S.___, 129 S. Ct. 1937, 1949 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements do not suffice." *Id*. Ransome's allegations do not state a claim.

Although that court must liberally construe *pro se* pleadings, *see Dluhos v. Strasberg*, 321 F.3d 365, 369 (3d Cir. 2003), this court has already permitted Plaintiff two previous opportunities to amend his complaint. Each time Ransome has come forward with new allegations only very loosely connected to the previous complaint. The court will not permit further amendment in this case.

Accordingly, the court will adopt the report and recommendation of Magistrate Judge Carlson and will grant Defendants' motion to dismiss. An appropriate order follows.

s/Sylvia H. Rambo<br>United States District Judge

Dated: November 10, 2010.

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **WALTER RANSOME,** | : | **CIVIL NO. 1:09-CV-0604** |
| **Plaintiff** | : | |
| | : | **(Judge Rambo)** |
| v. | : | |
| | : | **(Magistrate Judge Carlson)** |
| **VINCENT MOONEY and** | : | |
| **MICHAEL P. GOYNE,** | : | |
| **Defendants** | : | |

# **O R D E R**

In accordance with the accompanying memorandum, **IT IS HEREBY ORDERED THAT**:

1) The court adopts the report and recommendation of Magistrate Judge Carlson. (Doc. 83.)

2) Defendants' motion to dismiss, (Doc. 77), is **GRANTED.**

3) The Clerk of Court shall close the case.

                                                   s/Sylvia H. Rambo
                                                   United States District Judge

Dated: November 10, 2010.